IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| NEBRASKA STATE FAIR BOARD, | ) | |
| | ) | Case No. 21-cv-3138 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **COMPLAINT AND** |
| | ) | **DEMAND FOR JURY TRIAL** |
| NEBRASKANS 4 YOUTH LIVESTOCK, | ) | |
| INC., GREG HARDER, TRENT LOOS, | ) | |
| and KELLI LOOS | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff, Nebraska State Fair Board, by and through its attorneys, Rembolt Ludtke LLP, and for its claims against Defendants Nebraskans 4 Youth Livestock, Inc., Greg Harder, Trent Loos and Kelli Loos, states and alleges as follows:

**PARTIES, JURISDICTION, AND VENUE**

1. Nebraska State Fair Board ("Plaintiff") is a private corporation authorized by Neb. Rev. Stat. §2-101 *et seq.* with its principal place of business located in Grand Island, Nebraska.

2. Nebraskans 4 Youth Livestock, Inc. ("Nebraskans 4 Youth Livestock") is a Nebraska non-profit corporation with its principal place of business located in Litchfield, Nebraska.

3. Greg Harder ("Harder") is an individual and, upon information and belief, is a resident of Phillips, Nebraska.

4. Trent Loos is an individual and, upon information and belief, is a resident of Litchfield, Nebraska.

5. Kelli Loos is an individual and, upon information and belief, is a resident of Litchfield, Nebraska.

1

6. This Court has jurisdiction over the subject-matter of the federal claims within this action pursuant to 28 U.S.C. § 1331 and § 1338, and has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

7. Venue in the United States District Court for the District of Nebraska is proper under 28 U.S.C. § 1391(b) as one or more of the Defendants reside in this judicial district and the events giving raise to the claims in this Complaint occurred in this judicial district.

## FACTUAL ALLEGATIONS

8. The Nebraska State Fair Board was established, in part, to direct and supervise the annual Nebraska State Fair, which provides educational opportunities and opportunities for interactive agricultural experiences to Nebraskans.

9. The Knights of Ak-Sar-Ben Foundation ("KOA") is a Nebraska non-profit corporation with its principal place of business in Omaha, Nebraska.

10. KOA established the Aksarben Stock Show in 1928 with the purpose of celebrating Nebraska's agricultural heritage. Since 2018, the Nebraska State Fair Board has produced and managed the Aksarben Stock Show (the "Stock Show") in conjunction with KOA.

11. At all times since 1928 and until April 2021, KOA used the trade name "Aksarben Stock Show" to market and brand the Stock Show.

12. Beginning in 2018, the Nebraska State Fair Board began using the trade name "Aksarben Stock Show" with the express written authorization of KOA and pursuant to agreement that, among other things, provided that the Nebraska State Fair would produce and manage the Stock Show in conjunction with KOA.

13. From 2018 until April 2021, KOA and the Nebraska State Fair Board cooperatively and collectively used the service mark "Livestock Tag with AK" to market and brand the Stock Show.

14. Effective April 2021, KOA transferred its sole and proprietary interest in the trade name "Aksarben Stock Show," the service mark "Livestock Tag with AK" and intellectual property related to the Stock Show to the Nebraska State Fair Board.

15. At all times since April 2021 the Nebraska State Fair Board has used and continues to use the trade name "Aksarben Stock Show" and the service mark "Livestock Tag with AK" to market and brand the Stock Show, which is next scheduled to occur on September 24-26, 2021, in Grand Island, Nebraska.

16. On or about April 2018, Harder was hired by the Nebraska State Fair Board as the Director of the Aksarben Stock Show, then produced and managed by the Nebraska State Fair Board in conjunction with KOA. Harder's primary duties included the production of the Stock Show on behalf of the Nebraska State Fair Board.

17. On or about September 15, 2020, Nebraskans 4 Youth Livestock was incorporated with the Nebraska Secretary of State by Defendants Harder, Trent Loos, and Kelli Loos.

18. On or about September 24, 2020, Nebraskans 4 Youth Livestock filed documentation with the Nebraska Secretary of State seeking to claim rights to the trade name "Aksarben Stock Show."

19. On or about September 28, 2020, Harder was terminated from his employment with the Nebraska State Fair Board.

20. Soon thereafter Defendant Harder expressed his intent to conduct a stock show under the Aksarben Stock Show name or similar name, either individually or through Nebraskans 4 Youth Livestock.

21. On or about October 26, 2020, Nebraskans 4 Youth Livestock filed documentation with the Nebraska Secretary of State seeking to claim rights for the service mark "Livestock Tag with AK."

22. To date, Nebraskans 4 Youth Livestock has continued to exist as a corporation without interruption since the date of its inception.

23. The Nebraska State Fair Board has made requests of Defendants to relinquish all claims to any interest in the trade name "Aksarben Stock Show" and the service mark "Livestock Tag with AK" and Defendants have not responded to those requests.

## FIRST CLAIM FOR RELIEF
## (Federal Trademark Dilution
## 15 U.S.C. § 1125(c))

24. Plaintiff incorporates paragraphs 1 through 23 of the Complaint as if fully set forth herein.

25. "Livestock Tag with AK" is widely recognized by the consuming public as a designation of services from the Nebraska State Fair Board.

26. "Livestock Tag with AK" became distinctive and famous prior to Defendants' acts alleged herein.

27. Defendants have used or intend to use the "Livestock Tag with AK" service mark in commerce. Such use of the "Livestock Tag with AK" service mark in commerce causes dilution of its distinctive quality, tarnishes the goodwill associated with the mark, and causes a lessening of the mark's capacity to identify the Nebraska State Fair Board's services in violation of 15 U.S.C. § 1125(c).

28. As a direct and proximate result of Defendants' actions, the Nebraska State Fair has suffered and will continue to suffer harm and damage.

29. Defendants' acts alleged herein are intentional and willful in violation of Section 43(c) of the Lanham Act and unless enjoined, will continue to cause irreparable harm to Plaintiff.

WHEREFORE, Plaintiff prays for the relief set forth below.

## SECOND CLAIM FOR RELIEF
### (Federal Trade Name Dilution
### 15 U.S.C. § 1125(c))

30. Plaintiff incorporates paragraphs 1 through 29 of the Complaint as if fully set forth herein.

31. "Aksarben Stock Show" is widely recognized by the consuming public as a designation of the course of services from the Nebraska State Fair Board.

32. "Aksarben Stock Show" became distinctive and famous prior to Defendants' acts alleged herein.

33. Defendants have used or intend to use the trade name "Aksarben Stock Show" in commerce. Such use of the "Aksarben Stock Show" trade name in commerce causes dilution of its distinctive quality, tarnishes the goodwill associated with the mark, and causes a lessening of the mark's capacity to identify the Nebraska State Fair Board's services in violation of 15 U.S.C. § 1125(c).

34. As a direct and proximate result of Defendants' actions, Plaintiff has suffered and will continue to suffer harm and damage.

35. Defendants' acts alleged herein are intentional and willful in violation of Section 43(c) of the Lanham Act and unless enjoined, will continue to cause irreparable harm to Plaintiff.

WHEREFORE, Plaintiff prays for the relief set forth below.

## THIRD CLAIM FOR RELIEF
### (Common Law Trademark Infringement)

36. Plaintiff incorporates paragraphs 1 through 35 of the Complaint as if fully set forth herein.

37. Defendants' actions constitute infringement of the "Livestock Tag with AK" service mark in violation of common law.

5

38. Defendants' infringement was willful and ongoing.

39. As a direct and proximate result of Defendants' activities, Plaintiff has suffered and will continue to suffer harm and damage.

WHEREFORE, Plaintiff prays for the relief set forth below.

### FOURTH CLAIM FOR RELIEF
**(Unfair Competition
15 U.S.C. § 1125(a) and Neb. Rev. Stat. § 59-1602, *et seq*.)**

40. Plaintiff incorporates by reference paragraphs 1 through 39 of the Complaint as if fully set forth herein.

41. Defendants' conduct constitutes unfair competition, false designation of origin, false or misleading description of fact and/or false or misleading representation of fact in violation of 15 US.C. § 1125(a).

42. Defendants have used or intend to use in commerce the trade name "Aksarben Stock Show" and the service mark "Livestock Tag with AK" to appropriate the goodwill of the Plaintiff under circumstances where said goodwill rightfully belongs to the Plaintiff.

43. Defendants' use in commerce of the trade name "Aksarben Stock Show" and the service mark "Livestock Tag with AK" is likely to cause confusion or mistake, or to deceive as to the affiliation, connection, or association of Defendants with the Nebraska State Fair.

44. Defendants' use in commerce of the trade name "Aksarben Stock Show" and the service mark "Livestock Tag with AK" is likely to cause confusion or mistake, or to deceive as to the origin, sponsorship, or approval of Defendants' goods, services, and commercial activities by the Nebraska State Fair.

45. Defendants' conduct has been deliberate and willful and has been committed with the intent to cause confusion and mistake, to deceive the public, and to misrepresent the nature of Defendants' and/or Plaintiff's goods, services, and commercial activities.

46. Defendants' actions have exceeded the level of "ordinary" competition and amount to unfair competition within the meaning of Neb. Rev. Stat. § 59-1602 *et seq.*

47. Defendants' actions directly contravene the public interests served by the Nebraska Consumer Protection Act.

48. The Defendants' actions are the direct and proximate cause of damages sustained by Plaintiffs.

49. Defendants' conduct alleged is causing immediate and irreparable harm and injury to Plaintiff, its goodwill and reputation, and will continue to damage Plaintiff and confuse the Public.

WHEREFORE, Plaintiff prays for relief as more fully set forth below.

**FIFTH CLAIM FOR RELIEF**
**(Deceptive Trade Practices Act**
**Neb. Rev. Stat. § 87-301 *et seq.*)**

50. Plaintiff incorporates paragraphs 1 through 49 of the Complaint as if fully set forth herein.

51. Defendants' conduct violates Nebraska's Uniform Deceptive Trade Practices Act.

52. Defendants' unlawful conduct includes retaining the use of the trade name "Aksarben Stock Show" and the service mark "Livestock Tag with AK" in order to create and promote their own stock show.

53. Defendants have used or intend to use in commerce the trade name "Aksarben Stock Show" and the service mark "Livestock Tag with AK" in order to pass off goods or services as those of Plaintiff.

54. Defendants' use in commerce or intent to use in commerce the trade name "Aksarben Stock Show" and the service mark "Livestock Tag with AK" is likely to cause

7

confusion as to the source, sponsorship, approval, or certification of goods or services, and as to the affiliation, connection, or association of goods or services with Plaintiff.

55. Defendants' conduct has been deliberate and willful, and was done with the intent to cause confusion and mistake, to deceive the public, and to misrepresent the nature of Defendants' and/or Plaintiff's goods, services, and commercial activities.

56. Defendants' unlawful conduct is the direct and proximate cause of damages sustained by Plaintiff.

WHEREFORE, Plaintiff prays for relief as more fully set forth below.

### SIXTH CLAIM FOR RELIEF
### (Tortious Interference with a
### Business Relationship or Expectancy)

57. Plaintiff incorporates paragraphs 1 through 57 of the Complaint as if fully set forth herein.

58. Plaintiff possesses a valid business relationship and expectancy with their customers and potential customers.

59. At all relevant times herein, the Defendants knew that a valid business relationship and expectancy existed between the Plaintiff and their customers and potential customers.

60. Defendants have intentionally interfered, without justification, with Plaintiff's valid business relationships and expectancies.

61. Plaintiff has sustained harm, and continues to sustain harm, to its business relationships and expectancies.

62. Defendants' intentional interference is the proximate cause of harm sustained to Plaintiff.

WHEREFORE, Plaintiff pray for the relief set forth below.

## SEVENTH CLAIM FOR RELIEF
### (Conversion)

63. Plaintiff incorporates paragraphs 1 through 62 of the Complaint as if fully set forth herein.

64. Plaintiff owns and has a right to the immediate possession of their trade name, trade secrets, and confidential information.

65. Throughout the course of his employment with Plaintiff, Defendant Harder wrongfully took and converted the trade name, trade secrets, and confidential information, belonging to Plaintiff for his own use and for the use of his corporation, Nebraskans 4 Youth Livestock.

66. Plaintiff has demanded the return of the trade name, trade secrets, and confidential information from Defendants.

67. Defendants have refused and failed to return the trade name, trade secrets, and confidential information to Plaintiffs.

68. Defendants' conversion and wrongful exercise of dominion over property belonging to Plaintiff are the direct and proximate cause of damages to Plaintiff.

WHEREFORE, Plaintiff prays for the relief set forth below.

## EIGHTH CLAIM FOR RELIEF
### (Breach of the Duty of Loyalty)

69. Plaintiff incorporates paragraphs 1 through 68 of the Complaint as if fully set forth herein.

70. Defendant Harder was employed by Plaintiff to advance the Nebraska State Fair Board's interest in producing and promoting the Aksarben Stock Show.

71. Defendant Harder owed Plaintiff a duty of loyalty as an employee of Plaintiff not to act in conflict with Plaintiff's interests.

72. Defendant Harder acted in violation of his duty of loyalty by attempting to misappropriate Plaintiff's intellectual property while employed by Plaintiff.

73. As a direct and proximate consequence of Defendant Harder's violation of his duty of loyalty, Plaintiff has been damaged.

74. WHEREFORE, Plaintiff prays for the relief set forth below.

## PLACE OF TRIAL

Plaintiff requests a trial of this civil action in Lincoln, Nebraska.

## DEMAND FOR JURY TRIAL

Plaintiff requests that this civil action be tried to a jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment in its favor and against Defendants, and requests this Court:

A. Grant preliminary and permanent injunctive relief restraining and enjoining Defendants from engaging in the unlawful acts alleged herein;

B. Award damages to Plaintiff including, but not limited to, lost revenues and profits; disgorgement of all wages and benefits from Defendant Harder; statutory damages; and Plaintiff's further damages in an amount to be proven at trial, together with pre-judgment and post-judgment interest on such damages at the highest rate allowed by law;

C. Award the costs of this action and reasonable attorneys' fees; and

D. Award all such other relief as the Court deems just and appropriate.

Dated: July 15, 2021

        NEBRASKA STATE FAIR BOARD, Plaintiff

By:    REMBOLT LUDTKE LLP
        3 Landmark Centre
        1128 Lincoln Mall, Suite 300
        Lincoln, NE 68508
        (402) 475-5100
        mfahleson@remboltlawfirm.com
        tpaulson@remboltlawfirm.com
        jralph@remboltlafirm.com

By:    /s/Mark A. Fahleson
        Mark A. Fahleson (#19807)
        Tara Tesmer Paulson (#24454)
        Jennifer L. Ralph (#26998)

4828-5554-1742, v. 1